## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL CAPITAL GROUP, LLC, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| HILLARD HERZOG, an individual, and SHER BANNO, an individual, | ) ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff International Capital Group, LLC ("ICG") for its complaint against Defendants Hillard Herzog ("Herzog") and Sher Banno ("Banno"), collectively "Defendants," states as follows:

## NATURE OF ACTION

1. This is an action for breach of contract or unjust enrichment based on Herzog's and Banno's failure to repay $215,000.00 to ICG that they borrowed from it. Neither Herzog nor Banno has offered any explanation for their refusal to repay. ICG requests judgment in the amount of $215,000.00 plus pre and post-judgment interest and attorneys' fees.

## PARTIES

2. ICG is a Delaware corporation with its principal place of business in Schaumburg, Illinois.

3. Herzog is an individual with his residence at 1380 Ruby Sky Court, Henderson, Nevada, 89052.

4. Banno is an individual with her residence at 1380 Ruby Sky Court, Henderson, Nevada, 89052. Upon information and belief, Banno is the wife of Herzog.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction of this action under 28 U.S.C. § 1332 because the parties are citizens of a State and citizens of a foreign state and the matter in controversy exceeds $75,000.00, excluding interest and costs.

6. This Court has personal jurisdiction over Herzog and Banno and venue is proper in this District under 28 U.S.C. § 1391 because ICG resides in this district, Herzog and Banno have breached obligations to ICG in this district and Herzog and Banno agreed venue of any suit like this in this district.

## BACKGROUND

7. ICG lends money to individuals with loans that are secured by the pledge of shares of stock, usually low value stocks, for businesses run by the borrower.

8. On or about November 5, 2009, ICG entered into the Master Loan Agreement (the "Agreement") with Banno. A true and correct copy of the Agreement is attached as Exhibit A.[1]

9. Section 10(a)(vii) of the Loan Agreement provides that an "Event of Default" occurs when the value of the collateral drops below eighty percent of the loan amount, and the borrower does not cure the deficiency within three business days.

---

[1] ICG is currently looking for a signed version of the Loan Agreement. An unsigned version is attached as Exhibit A, and will be replaced by a copy of the signed version as soon as it is located. The signed Addendum B-1 to the Loan Agreement acknowledges the amount advanced pursuant to the Loan Agreement and is attached as Exhibit B.

2

12542025v.1

10. Section 10(b) provides that, upon an Event of Default, the entire loan amount, including accrued interest will become due and payable without notice or demand.

11. On or about March 17, 2010, ICG agreed to advance Herzog $215,000 pursuant to an Addendum B-1 to the Agreement (the "Addendum"). The Addendum stated that the advance brought the total amount received by Herzog from ICG to $440,000. In return, Herzog guaranteed "ICG free-trading shares of BGMO on or before May 1, 2010 equaling the total amount advanced ($440,000) plus 20% equaling $528,000." A copy of the Addendum is attached as Exhibit B.

12. The collateral that Herzog and Banno transferred was worth less than eighty percent of the loan amount, and Herzog and Banno were required to transfer additional collateral to ICG to secure the loan. They failed to do so, placing them in default.

13. Herzog and Banno have not repaid the $215,000 they borrowed from ICG. Further, the value of the collateral pledged by them has been further reduced.

14. ICG has demanded that Herzog repay the $215,000.00 plus interest. Herzog has refused to repay ICG. On July 9, 2010, ICG's counsel sent Herzog a demand letter. A copy of the demand letter is attached as Exhibit C. Herzog did not respond.

<u>COUNT I</u>

**BREACH OF CONTRACT**

15. ICG repeats and realleges the allegations contained in paragraphs 1-14.

16. The Loan Agreement is a valid and enforceable agreement.

17. ICG has complied with all material terms of the Loan Agreement, including transferring over $215,000 to Herzog and Banno.

12542025v.1

18. Herzog and Banno have breached the Loan Agreement by failing to repay ICG.

19. ICG has been damaged by Herzog in the amount of at least $215,000.00.

## COUNT II

### UNJUST ENRICHMENT (IN THE ALTERNATIVE)

20. ICG repeats and realleges the allegations contained in paragraphs 1-14.

21. ICG brings this count for unjust enrichment in the event that the Loan Agreement is deemed not valid and enforceable.

22. Herzog and Banno will be unjustly enriched if they are not required to repay ICG.

23. ICG has been harmed by Herzog and Banno.

## JURY DEMAND

Pursuant to FRCP 38, ICG demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, ICG prays for the following relief:

A. Entering a judgment against Defendants in favor of ICG in the amount of $215,000.00 plus pre-judgment interest pursuant to the Loan Agreement or the Illinois Interest Act, post-judgment interest, attorneys' fees and costs; and

  B.  Awarding ICG such other and further relief as the Court deems equitable and just.

              Respectfully submitted,

              INTERNATIONAL CAPITAL GROUP, LLC

              By: <u>s/Louis S. Chronowski</u>
                 One of Its Attorneys

Louis S. Chronowski
Kavitha Janardhan
SEYFARTH SHAW LLP
131 S. Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

Dated: August 25, 2010